# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

SHELIA K. VARNEDOE,[1] )
)
    Plaintiff, )
)
v. ) CV418-067
)
MEGAN J. BRENNAN, *et al.*, )
)
    Defendants. )

## ORDER

*Pro se* plaintiff Shelia K. Varnedo seeks leave to pursue her employment discrimination complaint, *see* doc. 1, *in forma pauperis* (IFP). Doc. 2. She was ordered to supplement her application to explain certain inconsistencies and gaps in the information she provided to the Court to evaluate her indigency. Doc. 4. Having finally provided that information (doc. 6), the Court's Report and Recommendation recommending dismissal for failure to comply with a court order (doc. 5) is **VACATED**.

Varnadoe states that receives $1,483 a month in disability benefits, after deductions. Doc. 6 at 1. She relies on her husband's income to pay

---

[1] The Clerk is **DIRECTED** to update the docket to conform with plaintiff's spelling of her last name.

their mortgage and food, and is responsible for their other expenses totaling approximately $1,000 a month. *Id.* (listing a mobile phone plan, entertainment, car insurance, utilities, credit card, and "IRS" payments as recurring expenses). She does not disclose her husband's income, but the Court is able to conclude that it is sufficient to cover other expenses. This leaves plaintiff with a monthly surplus of somewhere in the neighborhood of $400 after she covers her half of their lifestyle.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Based on her disability income and dearth of expenses, it appears that Varnedoe has sufficient resources to allow her to pay a reduced filing fee in this case without causing her to forgo the necessities of life.[2] The Court will therefore significantly reduce

---

[2] Two important points must be underscored. First, proceeding IFP is a privilege, not

the filing fee to $240, an amount the Court believes Varnedoe can afford based on her application. Requiring plaintiff to pay such a reduced fee is within the Court's discretion. 28 U.S.C. § 1915(a); *see, e.g., Johnson v. Next Day Blinds Corp.*, 2013 WL 656782 at *2 n. 1 (D. Md. Feb. 21, 2013); *Dukes-Smith v. Loyola Med. Ctr.*, 2012 U.S. Dist. LEXIS 98934 at *1 (N.D. Ill. July 9, 2012); *Poslof v. Walton*, 2012 WL 691767 at *3 (E.D. Cal. Mar. 2, 2012), *adopted*, 2012 WL 968028 (E.D. Cal. Mar. 21, 2102).

If she is unable to pay in one lump sum, plaintiff is further authorized to pay the required fee over the course of three monthly installments of $80 each. *See, e.g., Chapman v. Colvin*, No. CV416-252, doc. 10 (Jan. 18, 2017). Her first instalment must be paid within thirty

---

an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). And second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items).

"The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities. But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (internal cites omitted).

days of service of this Order, with all payments completed within ninety days of service of this Order. After she has paid her first $80 instalment, the Court will screen her Complaint pursuant to 28 U.S.C. § 1915(e) in a separate order.[3]

Varnedoe's motion to proceed IFP (doc. 2) is thus **GRANTED** in part. Plaintiff is **ORDERED** to pay $240 in filing fees or face a recommendation of dismissal.

**SO ORDERED**, this  22nd  day of January, 2019.

*[signature: Christopher L. Ray]*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] The Court cautions plaintiff that granting leave to proceed IFP in no way bears on the merits of his case. The right to proceed IFP in the federal district courts is governed by 28 U.S.C. § 1915, which authorizes courts to dismiss cases *sua sponte* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2).