# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| SHELIA K. VARNEDOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-067 |
| | ) | |
| MEGAN J. BRENNAN, Postmaster | ) | |
| General, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Before the Court is plaintiff's amended complaint.  Doc. 16.  Because plaintiff is proceeding *pro se* and *in forma pauperis*, the Court screened her case, under 28 § U.S.C. 1915(e)(2), which requires dismissal of any IFP action when the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.[1] *See* doc. 17.

In that Report and Recommendation, the Court explained that plaintiff cannot file a lawsuit pursuant to Title VII without exhausting her

---

[1] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915, *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff.  *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

administrative remedies. *Id.* at 2.  The information plaintiff provided indicated

that not only did plaintiff file an EEOC complaint, but that she also dismissed

it, prior to its conclusion.  Doc. 16-1 at 3.  Accordingly, plaintiff never received a

right to sue letter and could not look to this Court for relief.  *See e.g., Forehand*

*v. Fla State Hosp. at Chattahoochee*, 839 F. Supp. 807 (N.D. Fla. 1993) (noting

that due to withdrawal no right to sue letter was provided) (abrogated on other

grounds).  As a result, the Court recommended that plaintiff's case be dismissed

for nonexhaustion.   Plaintiff has now filed objections to the Report and

Recommendation indicating that she had subsequently filed a second EEOC

complaint, and received notice of right to sue in January of 2018.  *See generally*,

doc. 18.  Calculated from that previously undisclosed right-to-sue letter, her case

was timely filed and she appears to have exhausted her administrative remedies.

Accordingly, the Court **VACATES** its prior Report and Recommendation, doc.

17, and now rescreens plaintiff's amended complaint, doc. 16.

Generally, plaintiff alleges that she was a party in an EEOC complaint

that was resolved after settlement.  Doc. 16-1 at 3.  After that settlement she

was transferred to a different work location as a result of her involvement in the

original complaint and for acting as a witness in a separate EEOC action.

Doc. 18 at 4.  Varnedoe does state a claim for retaliation.  *See Thomas v. Cooper*

*Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007) ("to establish a prima facie

case of retaliation under Title VII, the plaintiff must show (1) that she engaged

in a statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there is some causal relation between the two events."). Here plaintiff alleges that she filed an EEOC complaint and acted as a witness, which is sufficient to allege that she engaged in a statutorily protected expression. She also alleges that she suffered an adverse employment action when she was transferred from a post office closer to her home to one which was further away. *See e.g., Morris v. Lindau*, 196 F.3d 102, 113 (2d Cir. 1999) (a transfer may be adverse employment action if "accompanied by a negative change in the terms and conditions of employment") *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64 (2006). Likewise, although conclusory, she alleges that her transfer occurred in March of 2014 as a result of activities which were resolved in November of 2013, as well as an ongoing action as a witness in another EEOC complaint.

However, plaintiff is not entitled to proceed against the individual defendants. Relief in Title VII cases is against the employer, not against individual employees. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). As a result, the proper defendants in this suit are the employer or supervisory employees in their official capacities. *Id.* To the extent plaintiff names additional defendants in their official capacities, the claims are redundant because the employer has already been named. *Busby*, 931 F.2d at 776; *Wheeles v. Nelson's Elec. Motor Servs.*, 559 F. Supp. 2d 1260, 1267 (M.D.

3

Ala. 2008) ("However, when a plaintiff names both the employer and the individual supervisory in his official capacity, the supervisor may be dismissed from the action."). Here, plaintiff has named Megan J. Brennan in her official capacity as Postmaster General. All the remaining defendants should therefore be **DISMISSED**.

Accordingly, plaintiff's claim against the Megan J. Brennan in her official capacity as the Postmaster General for retaliation is **AUTHORIZED** for service and the Clerk is **DIRECTED** to forward a copy of this Order, along with plaintiff's amended Complaint, to the Marshal for service upon the defendant so it may respond.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file

4

objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see*

*Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir.

2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 12th

day of December, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA