# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| SHELIA K. VARNEDOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-067 |
| | ) | |
| MEGAN J. BRENNAN, Postmaster | ) | |
| General, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This case involves allegations of employment discrimination alleged against the United States Postal Service (USPS). *See* doc. 19. Upon screening pursuant to 28 U.S.C. § 1915(e)(2), the Court discerned a single viable claim against the USPS, *via* the Postmaster General in her official capacity, for retaliation. *See id.* at 2-3. The parties have both filed motions for summary judgment. *See* docs. 41 & 44. Those motions are now ripe for disposition.

## I. Background[1]

The Court's screening of this *pro se* complaint narrowed the alleged issues to a single claim of retaliation for participation in a proceeding before the United States Equal Employment Opportunity Commission (EEOC).  *See* doc. 19 at 2-3.  Succinctly, plaintiff alleged that she made an EEOC complaint, which was ultimately settled.  *Id*. at 2 (citing doc. 16-1 at 3).  After the settlement she was transferred, allegedly in retaliation for the complaint.  *Id*. (citing doc. 18 at 4).

Varnadoe's summary judgment motion explains that the USPS employed her for over twenty-six years and she suffered an employment related injury in 2012.  Doc. 41 at 5.  She states that she filed an EEOC complaint, but does not state when it was filed or what the allegations were, only that it was "for discrimination."  *Id*.  She settled her EEOC complaint on November 26, 2013, and she contends that settlement

---

[1]  This recitation of the facts merely records the parties' respective versions of events. Ordinarily, the Court might rely on the parties' respective statements of material facts and responses to establish the factual background at summary judgment.  As discussed more fully below, plaintiff has largely failed to either state those facts she contends are undisputed or rebut any of the facts defendant asserts are undisputed.  That failure might simply end the inquiry.  However, as plaintiff is proceeding *pro se*, the Court has endeavored to glean the substance of her claims and address them.  The factual recitation here, although it cannot be a standard summary judgment recitation, is part of that endeavor.

required "permanent reassignment to the Hinesville, Georgia Post Office." *Id*. After the settlement she "withdrew" the EEOC complaint. *Id*. She was, nevertheless, "removed" from her assignment to the Hinesville Post Office in March, 2014. *Id*. She was reassigned to the Post Office in Statesboro, Georgia, "under the guise that there was no more work available at the [Hinesville] facility." *Id*. at 5-6. She filed a second EEOC complaint related to her transfer and was issued a Right-to-Sue letter on that complaint. *Id*. at 6.

Defendant's motion provides a somewhat more detailed version of the events. *See generally* doc. 44. After Varnadoe's injury in 2012, "[h]er doctor ordered she not deliver mail or work at the front desk as a clerk." *Id*. at 2. Defendant contends that Varnedoe was assigned to the Hinesville Post Office, on a temporary basis, to accommodate her medical restrictions and a request that her hours be increased. *Id*. at 2. The temporary position ended in March, 2014. *Id*. Defendant contends that "two independent problems developed" with the Hinesville assignment: (1) "the Associate [sic] of Postal Workers Union . . . filed a grievance . . . alleging the USPS had failed to provide written advance notice to the [union] about her reassignment"; and (2) "the USPS . . . determined that there was no

3

longer any available clerk's work in Hinesville." *Id.* at 2. The only alternative position that could accommodate Varnadoe's medical restrictions within fifty miles of Savannah was in the Statesboro, Georgia Post Office. *Id.* at 3. The USPS, therefore, contends that the need to accommodate plaintiff's medical restrictions and the logistical issues, and not any retaliatory animus, motivated her transfer to Statesboro. Defendant contends that Varnadoe applied for and was approved for disability retirement in June 2014. *Id.* at 3.

## II.   **Legal Standards**

### A. *Summary Judgment*

According to Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought." Such a motion must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56 advisory committee notes).

4

The movant, whether plaintiff or defendant, must always identify those portions of the dispute about which there is no genuine dispute of material fact.  *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The nature of this responsibility varies, however, depending on whether the legal issues, as to which the facts in question pertain, are ones on which the movant or the non-movant would bear the burden of proof at trial."  *Id.*  For issues which the movant would bear the burden of proof:

> that party must show affirmatively the absence of a genuine issue of material fact: it must support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial.  In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party. If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party, in response comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact.

*Id.* (alterations, internal quotation marks, and citation omitted).

For issues upon which the non-movant would bear the burden of proof:

> the moving party is not required to support its motion with affidavits or other similar material negating the opponent's claim in order to discharge this initial responsibility.  Instead, the moving party may show—that is, point out to the district court— that there is an absence of evidence to support the non-moving

> party's case.  Alternatively, the moving party may support its
> motion for summary judgment with affirmative evidence
> demonstrating that the non-moving party will be unable to prove
> its case at trial.

*Id*. at 1115-1116 (alterations, internal quotation marks, and citation
omitted).

If a movant discharges her initial responsibility, "responsibility then
devolves upon the non-movant to show the existence of a genuine issue as
to the material fact." *Fitzpatrick*, 2 F.3d at 1116.  Again, discharge of that
subsidiary responsibility depends upon where the burden of proof lies.  If
the movant would bear the burden of proof at trial, and discharges her
initial summary-judgment obligation, the non-movant:

> must come forward with evidence sufficient to call into question
> the inference created by the movant's evidence on the particular
> material fact.  Only if . . . the combined body of evidence presented
> by the two parties relevant to the material fact is still such that
> the movant would be entitled to a directed verdict at trial—that
> is, such that no reasonable jury could find for the non-movant—
> should the movant be permitted to prevail without a full trial on
> the issues.

*Id*. (citing *Anders v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)).  If
the movant would not bear the burden of proof at trial, and discharges her
initial summary-judgment obligation, the non-movant's rebuttal
obligation "var[ies] depending on whether the movant put on evidence

6

affirmatively negating the material fact or instead demonstrated the absence of evidence on the issue." *Id*. "Where the movant did the former, then the non-movant must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated." If the movant pointed out a lack of evidence, the non-movant may discharge her rebuttal obligation in one of two ways, either: (1) "she may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was overlooked or ignored by the moving party, who has thus failed to meet the initial burden of showing an absence of evidence"; or (2) "she may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." *Id*. at 1116-1117 (internal quotation marks and citations omitted).

The substantive law governing the action determines whether an element is essential. *DeLong Equip. Co. v. Wash. Mills Abrasive Co.*, 887 F.2d 1499, 1505 (11th Cir. 1989). A factual dispute is "material" if it concerns "facts that might affect the outcome of the suit under the governing law . . . ." *Anderson*, 477 U.S. at 248. "The materiality inquiry is independent of and separate from the question of the incorporation of

the evidentiary standard into the summary judgment determination. That is, while the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Id.* Here, the Court must look to Title VII to determine what facts are material to Varnedoe's claim.

### B. Title VII Retaliation

There are two species of prohibited retaliation under Title VII: (1) retaliation for an employee's opposition to an unlawful employment practice, or (2) an employee's participation, including by filing a charge, in any proceeding under Title VII. *See Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1134 (11th Cir. 2020). "To make a *prima facie* case for a claim of retaliation under Title VII, a plaintiff must first show (1) that she engaged in statutorily protected activity, (2) that she suffered an adverse action, and (3) that the adverse action was causally related to the protected activity." *Id.* (internal quotations and citations omitted). "Once the *prima facie* case is established, it creates a presumption that the adverse action was the product of an intent to retaliate." *Id.* The employer then bears the burden of "articulating a legitimate, non-discriminatory reason for the employment action." *Id.* If such a reason is proffered, the plaintiff "must

8

demonstrate that her protected activity was a but-for cause of the alleged

adverse action by the employer." *Id*.  "Importantly, throughout this entire

process, the ultimate burden of persuasion remains on the employee." *Id*.

## III.  Analysis

### A.   *Varnedoe's Motion* (doc. 41)

Varnedoe's motion for summary judgment is terse.   Her brief

explains that her assignment to Hinesville "was a settlement to a[n] EEOC

complaint for discrimination."  Doc. 41 at 7.  She contends, in conclusory

fashion, that her removal from that position, by her transfer to Statesboro,

was retaliation for activity protected under Title VII.  *Id*.  Finally, she

disputes the validity of the USPS's proffered explanations for the transfer.

*Id*. at 8.  Defendant opposes.  Doc. 48.  Defendant's opposition notes that

the Varnedoe's Statement of Undisputed Facts is insufficient. *See* doc. 48-

1.  It also argues that her motion fails to establish the elements of her

*prima facie* retaliation claim, under Title VII.  Doc. 48 at 5-6.  Since the

Court agrees that her motion fails to establish her *prima facie* claim of

retaliation, it need not consider defendant's arguments at subsequent

steps of the Title VII analysis.  *See id*. at 6-7 (arguing that Varnedoe's

motion fails to rebut the USPS's proffered non-discriminatory reasons for the transfer).

Varnedoe's motion is both procedurally and substantively inadequate.  Ordinarily, the Federal Rules and this Court's Local Rules require that factual assertions be supported by *specific* citations to the record.  *See* Fed. R. Civ. P. 56(c)(1)(A); S.D. Ga. L. Civ. R. 56.1 ("*Each* statement of material fact shall be supported by a citation to the record." (emphasis added)).  Varnedoe's statement of undisputed facts and her brief are entirely lacking in *any* citation to the record.  *See* doc. 41 at 5-8.  That omission, alone, might be fatal to her motion.  *See, e.g., Barmore v. Aidala*, 419 F. Supp. 2d 193, 197 n. 2 (N.D.N.Y. 2005) ("If a certain fact is not contained in a properly supported paragraph in the movant's [Statement of Material Facts], the Court need not consider that fact for purposes of the summary judgment motion."); *Gold Krown Fund, LLC v. Shapiro*, 2017 WL 10966649, at *2–3 (S.D. Fla. Dec. 15, 2017) ("[W]hen a party fails to direct the Court to the record evidence in support of its asserted facts . . . contained in <u>each</u> sentence, the Court will not consider those assertions in deciding the motion." (emphasis in original) (quotations and citation omitted)); *cf. Johnson v. City of Fort Lauderdale,*

*Fla.*, 126 F.3d 1372, 1373 (11th Cir. 1997) (noting that the Court of Appeals was "not obligated to cull the record [itself] in search of facts not included in the statements of fact."). Given her *pro se* status, however, the Court will proceed to discuss her motion's substantive inadequacy.

Varnedoe is not entitled to summary judgment because she has failed to establish that her transfer was an adverse action or that it was causally related to her protected activity.[2] A transfer is not always an adverse employment action. *See* doc. 19 at 3 (citing *Morris v. Lindau*, 196 F.3d 102, 113 (2d Cir. 1999)). "'A transfer to a different position *can be* 'adverse' if it involves a reduction in pay, prestige or responsibility.'" *Brown v. Jefferson Cnty. Sheriff's Dept.*, 806 F. App'x 698, 702 (11th Cir. 2020) (emphasis added) (quoting *Hinson v. Clinch Cnty., Ga. Bd. of Educ.*, 231 F.3d 821, 829 (11th Cir. 2000)); *see Windham v. Barr*, 2019 WL 1412119, at * 11 (S.D. Ga. Mar. 28, 2019) (factors relevant to determining whether a transfer is an adverse action include "whether the new position

---

[2] Given the distinct burdens for summary judgment, discussed above, the Court concludes that Varnedoe has failed to establish to a sufficient certainty that her transfer was an adverse action. It does not, however, agree that no reasonable jury could find that it was an adverse action, such that summary judgment might be entered in defendant's favor on that basis. Thus, the Court discusses the adverse action element here and the causation element in the context of defendant's motion below.

11

is more arduous, carries greater prestige, or is considered an objectively better job by other employees," and whether it involves a difference "in pay hours benefits or duties." (internal quotations and citations omitted)). The fact that the transferee position is inconvenient, for example because it requires a longer commute, is insufficient to make it "adverse" for Title VII purposes. *See Burnette v. Northside Hosp.*, 342 F. Supp. 2d 1128, 1136-37 (N.D. Ga. 2004) ("[A]n overwhelming number of federal courts have held that a reassignment or transfer which results in an increased commute, without more, is not objectively serious and tangible enough" to constitute an adverse employment action.).  Varnedoe's assertion that the transfer violated a prior settlement agreement[3] and her disagreements with the defendant's proffered explanations, *see* doc. 41 at 7-8, do not establish that "no reasonable jury" could fail to find that the transfer was an adverse action.  Since Varnedoe's summary judgment motion fails to comply with the formal requirements of both the Federal Rules of Civil

---

[3]  The alleged violation of the settlement agreement does not discharge Varnedoe's burden on her own motion for summary judgment, given that she is both the summary-judgment movant and bears the burden of proof.  That argument is, however, relevant to defendant's motion for summary judgment, where it is the summary-judgment movant but does not bear the burden of proof.  Even though the argument is raised in Varnedoe's motion, it is addressed in the discussion of defendant's motion below.

Procedure and fails to establish that no reasonable jury could find that her transfer from Hinesville to Statesboro was not an adverse action, it should be **DENIED**.  Doc. 41.

   B.   *Defendant's Motion* (doc. 44)

   Defendant seeks summary judgment against Varnedoe on several alternative grounds.  *See generally* doc. 44.  Defendant's first argument seeks to defeat Varnedoe's claim by identifying gaps in the evidence on several essential elements.  *See id.* at 7-13.  Specifically, defendant argues that Varnedoe will be unable to support that her transfer from the Hinesville to the Statesboro Post Office is an adverse action.  *Id.* at 8-12. Even assuming that the transfer was an adverse action, defendant argues that Varnedoe will be unable to establish a sufficient causal connection between her protected activity and that adverse action.  *Id.* at 12-13.  The defendant also argues that, even if Varnedoe might avoid summary judgment on her *prima facie* claim of retaliation, she cannot rebut defendant's proffered nondiscriminatory reason for her transfer.  *Id*. 13-14.

   Varnedoe's response in opposition to defendant's motion is, like her own motion, terse.  *See* doc. 46.  The basis of her opposition appears to rest

on her disagreement with defendant's argument that the transfer was not an adverse action.   She refers, as she did in her own motion, to her contention that the transfer violated a prior settlement agreement.  *Id.* at 1.  She also discusses the relative distances involved in the transfer.  *Id.* at 1-2.  Although she does not explain the significance of those assertions, the Court infers that she contends they constitute evidence that the transfer was detrimental, and thus adverse.  Varnedoe has filed a sur-reply, the contents of which are discussed more fully below.

As was the case with her own motion, Varnedoe's response to defendant's summary judgment is fatally procedurally flawed.   The Federal Rules provide several alternatives where a party "fails to properly address another party's assertion of fact," including "consider the fact undisputed for the purposes of the motion."  Fed. R. Civ. P. 56(e)(2).  The Government replies and notes, correctly, that Varnedoe's response has failed to respond to its Statement of Material Facts as specifically as the applicable rules require.  *See* doc. 47 at 1 (citing S.D. Ga. L. Civ. R. 56.1) (any fact set forth in a party's statement "will be deemed to be admitted unless controverted by a statement served by the opposing party."). Varnedoe has filed no statement specifically controverting the facts

asserted in defendant's statement. She does, broadly speaking, dispute several of the asserted facts in her various filings, to which she attaches documents of ambiguous provenance. Despite that general dispute, the Court might treat her failure to specifically controvert the defendant's asserted facts, and cite to specific portions of the record in support of those disputes, as an admission of the defendant's version of the facts. Despite the appearance that such an admission would entitle defendant to summary judgment, in light of Varnedoe's *pro se* status, the Court will again not rest its determination solely on the procedural ground. *See, e.g., Johnson v. New Destiny Christian Center Church, Inc.*, 826 F. App'x 766, 770 (11th Cir. 2020) ("'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'"(quoting*Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

Varnedoe's opposition to defendant's motion focuses closely on disputing the circumstances of the transfer. As discussed above, her own motion raises the issue, albeit not in a manner that would entitle her to summary judgment where she bears the burden of proof. *See supra* at 11-12; *see also* doc. 41 at 8 ("[e]ven if there was no work for Plaintiff at the

15

Hinesville Station, that did not void the prior settlement agreement.  The defendant cannot argue against a settlement that she agreed to.").  The issue is raised again, more emphatically, in her response to defendant's motion.  *See* doc. 46 at 1 ("The defendant refuses to acknowledge that the Plaintiff had a legal and enforceable EEOC settlement that was agreed to on November 26, 2013, which gave the Plaintiff permanent reassignment to the Hinesville Post Office . . . .").  The circumstances of the settlement occupy a substantial portion of her sur-reply.  *See* doc. 49 at 1-2, 5.

Even charitably construing plaintiff's argument, the Court cannot find that the dispute over the settlement's implications is sufficient to raise a dispute of material fact.  First, she has not established that there was a breach of her settlement agreement.[4]  Even if she had proven such

---

[4] Documents submitted with Varnedoe's motion include a partial copy of a document, in the nature of a docket, referring to an unidentified matter being "[s]ettled [p]rior to [m]ediation" on November 26, 2013.  Doc. 41-1 at 3.  In a subsequent section of that document, there is a notation that states "[t]here are no non-monetary corrective actions for this case."  *Id.*  The Court has reviewed the remaining documents, and it has been unable to locate any documentation of a permanent assignment to the Hinesville Post Office related to the "settlement."  The defendant contends that "[a]mong the terms of [the November 26, 2013] resolution was that Varnedoe would be *temporarily* reassigned to the Post Office in Hinesville . . . ."  Doc. 44 at 3 (emphasis added).  The defendant's exhibits include what appears to be a complete version of the partial "docket" provided by Varnedoe.  *See* doc. 44-2 at 55-57; doc. 44-3 at 1.  A form entitled "Offer [of] Modified Assignment" dated November 26, 2013 indicates that the assignment to the Hinesville Post Office was "related to [the December 27, 2012] on-the-job injury."  Doc. 44-3 at 25.  There is simply nothing in the summary judgment

16

a breach, however, "an employer's breach of a settlement agreement for discriminatory or retaliatory reasons 'is not enforceable under Title VII as an adverse personnel action because it is appropriately addressed under principles of contract law." *Moore v. United States Dept. of State*, 351 F. Supp. 3d 76, 95 (D.D.C. 2019) (quoting *Kilpatrick v. Paige*, 193 F. Supp. 2d 145, 154 (D.D.C. 2002)).  Any breach of the settlement agreement, then, cannot create a dispute of material fact as to the adverse action element of Varnedoe's claim.

Whether the transfer itself, regardless of whether it breached some agreement between the parties, could be an adverse action is a slightly closer question.  It is, however, one that the Court need not parse because Varnedoe has failed to establish that any statutorily protected action was the cause of the transfer.  When the Court approved Varnedoe's retaliation claim for service, it explained that, "although conclusory, she alleges that

_____

record, such as it is, that supports Varnedoe's claim of a binding agreement for permanent reassignment to the Hinesville Post Office.  In the absence of such support, the Court is skeptical that she could satisfy the adverse action element of her *prima facie* claim by showing a breach of that agreement, even assuming such a breach was a cognizable adverse action.

As defendant points out, to the extent that Varnedoe's suit might be characterized as an attempt to enforce the terms of her settlement agreement or seek damages *for* its breach, as opposed to damages arising from retaliation affected *through* its breech, the Court lacks subject matter jurisdiction.  *See* doc. 48 at 7-9.

her transfer [from Hinesville to Statesboro] occurred in March 2014 as a result of activities were resolved in November of 2013, as well as an ongoing action as a witness in another EEOC complaint." Doc. 19 at 3. Even if that vague chronology were sufficient to warrant service, it is not for summary judgment purposes.

"To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." *Greene v. Ala. Dep't. of Revenue*, 746 F. App'x 929, 932 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1295 (2019) (internal quotation marks and citation omitted). More specifically, "[a] plaintiff has the ultimate burden of showing that a retaliatory motive was the but-for cause of the adverse action." *Fitzgibbon v. Fulton Cnty., Ga.*, ___ F. App'x ___, 2021 WL 79156, at * 2 (11th Cir. 2021) (citing *Univ. of Tex. Sw. Med. Crt. v. Nassar*, 570 U.S. 338, 352 (2013)). "Thus, to survive summary judgment, a plaintiff must show that the complained of adverse decision was because of [her] protected activity, and [her] employer would not have made the decision but for her engagement in that protected activity." *Id.* Although temporal proximity between the protected activity and the allegedly adverse action

*may* be sufficient to create an inference of a causal connection, the proximity must be very close. *See, e.g., Parker v. Board of Educ.*, 403 F. App'x 477, 478 (11th Cir. 2010) (six-month period between protected activity and alleged retaliation failed to create inference of causation, and noting Court of Appeals has "held that a 3-month delay between a protected activity and an adverse action did not establish temporal proximity." (citing *Wideman v. Wal-Mart Stores*, 141 F.3d 1453, 1457 (11th Cir. 1998); *Thomas v. Cooper Lighting*, 506 F.3d 1361, 1363 (11th Cir. 2007))).

Defendant points out that "Varnedoe has provided no evidence whatsoever to establish that her [2013 discrimination complaint] was the but-for cause of her reassignment."  Doc. 44 at 12.  Varnedoe's response to defendant's motion does not even mention the causation question; it rests entirely on the mistaken contention, discussed above, that a contractual, or perhaps quasi-contractual, connection between the resolution of the complaint and her assignment to Hinesville satisfies her burden. *See generally* doc. 46.  Although slightly more detailed than her

original response, Varnedoe's reply points to no *positive evidence*[5] that the officials who decided to transfer her from Hinesville to Statesboro were even aware of her prior protected conduct, much less that retaliatory animus motivated them. *See generally* doc. 49. Further, the more specific chronology established by the evidence precludes any reliance on the inference of causation, which was critical to the Court's approving service. *See Parker*, 403 F. App'x at 478 ("[A] 3-month delay between a protected activity and an adverse action [does] not establish temporal proximity." (citations omitted)); *see also, e.g.,* doc 41 at 5 (conceding a delay of more than three months between the settlement of her EEOC complaint and her transfer; from November 26, 2013 until March 17, 2014).

Varnedoe's approach to this case, to the extent that the Court can discern it, depends on the alleged connection between her "settlement" and her assignment to Hinesville. To the extent that the "settlement"

---

[5] Varnedoe's reply is principally occupied in identifying what she contends are gaps or inconsistencies in the evidence defendant relies upon. *See, e.g.,* doc. 49 at 3 (identifying what plaintiff contends are discrepancies in the explanations for her transfer). Regardless of any discrepancies or inconsistencies in defendant's explanation for her transfer, the initial burden of establishing the causal connection rests on plaintiff. She simply cannot discharge that burden by suggesting the inadequacy of defendant's alternative explanation. In simple terms, plaintiff cannot show that retaliatory animus was the cause of her transfer by suggesting that there is no other alternative and attacking the alternatives defendant proffers. In the absence of positive evidence, defendant is entitled to summary judgment based on its identification of that lack.

resulted in any enforceable agreement, whether formal or informal, between Varnedoe and the USPS, that agreement cannot be enforced through this Title VII action. Once Varnedoe's contractual or quasi-contractual approach is excluded, it is clear that she has provided *no* evidence of a causal connection between her 2013 complaints and her 2014 transfer. Since causation is an element of her *prima facie* case, defendant is entitled to summary judgment on her claim, and its motion should be **GRANTED**. Doc. 44.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 2nd day of March, 2021.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA